993 F.2d 228
 1993-1 Trade Cases P 70,214
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HOLABIRD SPORTS DISCOUNTERS, a Maryland General Partnership,
Plaintiff-Appellant,
v.
TENNIS TUTOR, INCORPORATED, a California Corporation,
Defendant-Appellee,
and
Prince Manufacturing, Incorporated, Party in Interest.
 No. 92-2504.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 31, 1993
Decided: May 7, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-91-2208-WN)
 Lawrence S. Greenwald, David Warren Lease, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Maryland, for Appellant.
 Ralph Christopher Hofer, Blecher & Collins, Los Angeles, California, for Appellee.
 Barry F. Rosen, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Maryland, for Appellant.
 Maxwell M. Blecher, Blecher & Collins, Los Angeles, California; Aron Raskas, Kramon & Graham, P.A., Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL and LUTTIG, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Holabird Sports Discounters ("Holabird") brings this appeal from an order of the district court granting summary judgment to Tennis Tutor, Incorporated ("TTI"), on Holabird's action under section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. We affirm.
 
 
 2
 TTI manufactures a unique, portable, battery-operated tennis ball practice machine known as the Tennis Tutor. TTI markets Tennis Tutors primarily through a national network of 126 dealers. Holabird, a mail order sporting goods distributor, was one of TTI's dealers during 1989-90. The relationship between TTI and its dealers is governed in large part by a "Statement of Policy," which provides, inter alia, that "[TTI] will not sell, or will discontinue selling, Tennis Tutor ball machines to dealers who ... [a]dvertise the Tennis Tutor in any general circulation regional or national publication for less than suggested retail price, including call for price advertisements." J.A. at 151. This advertising restriction, which was independently formulated by appellee, does not prevent dealers from selling Tennis Tutors at whatever price they choose; instead, it only prohibits advertising the machines for sale at less than suggested retail price in regional or national publications. Advertising in local publications, direct mail flyers and catalogs, computer buying networks, and other media is not affected by the restriction. The purpose of TTI's advertising restriction is to maintain a healthy national distribution system through the prevention of "free-riding" by national mail order discount houses such as Holabird.[1]
 
 
 3
 TTI terminated Holabird's dealership in September, 1990, upon learning that appellant had violated the advertising restriction by placing an advertisement in Tennis Magazine that requested readers to call for the price of Tennis Tutors. Subsequently, appellee took independent action to ensure that other dealers did not divert Tennis Tutors to Holabird without TTI's consent. Id. at 571, 646-47. On two other occasions, TTI unilaterally enforced the advertising restriction, in one instance informing a prospective Tennis Tutor dealer of a violation,[2] and in the other apprising a dealer, which inadvertently had not been told of the restriction, that one of its advertisements violated TTI's policy. Both firms informed TTI that they would voluntarily comply with the advertising restriction in the future. Id. at 645-46.
 
 
 4
 On August 5, 1991, Holabird brought this action against TTI in district court, alleging that TTI's imposition and enforcement of the advertising restriction violated section 1 of the Sherman Act.[3] After nearly one year of discovery, TTI moved for summary judgment. The district court granted the motion on October 30, 1992. Viewing the case in light of Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752 (1984), and this court's application of Monsanto in Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc., 878 F.2d 801 (4th Cir. 1989), the district court held that Holabird had failed to produce sufficient evidence that TTI had entered into a contract, conspiracy, or combination with any of its dealers through its adoption or enforcement of the advertising restriction or through its termination of Holabird. Because of Holabird's failure to establish this necessary element of its Sherman Act claim, the court concluded, TTI was entitled to judgment.
 
 
 5
 We have read the briefs, heard oral argument, and given full consideration to Holabird's contentions. Finding no error in the thorough opinion of the court below, Holabird Sports Discounters v. Tennis Tutor, Inc., Civil No. 91-2208-WN (D. Md. Oct. 30, 1992), and agreeing that, under Parkway Gallery, appellant failed to identify sufficient evidence tending to exclude the possibility that TTI and its dealers acted independently with regard to the advertising restriction, we affirm on the reasoning of the district court.
 
 AFFIRMED
 
 
 [1]
 Free-riding occurs when a discounter takes advantage of customer services offered by local dealers. Since the Tennis Tutor is a complex, innovative machine, most prospective purchasers would not fully appreciate the benefits of the product unless dealers make the effort to explain the machine, set up demonstrations, and allow trial use. Without the advertising restriction, national mail order discounters that offer no such special services could exploit the efforts of full-service local dealers: Customers would go to their local dealer to gather information about the Tennis Tutor, but could then order the machine for a lower price from a discounter that could afford to charge less than the local dealer because it did not have to bear the expense of customer services. According to TTI, this result would cause disgruntlement among local dealers, who would respond by refusing to carry Tennis Tutors or by cutting back on their services, either outcome of which would be detrimental to TTI. See id. at 368K-L, 640-41
 
 
 [2]
 The dealer, Sports Express, was deciding whether or not to become a TTI dealer, and placed the offending advertisement in an effort to gauge customer interest in the product. Sports Express was unaware of the restriction when it placed the advertisement
 
 
 [3]
 "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States ... is declared to be illegal." 15 U.S.C. § 1